**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------x

KEVIN MONTOYA, *Individually, and on behalf of All Others* : 
*Similarly Situated* and SONIA EPSTEIN MAUTHNER : 
                                    : 
                       **Plaintiff,** :       **CONSOLIDATION**
                                      :       **ORDER**
             **-against-** : 
                                        :       **05 Civ. 2313 (HB)**

MAMMA.COM INC., GUY FAURE, DAVID GOLDMAN and : 
DANIEL BERTRAND, : 
                                       : 
                     **Defendant.** : 

-------------------------------------------------------------------------------x

AVIVA PARTNERS, L.L.C., *Individually, and on behalf of All* : 
*Others Similarly Situated* and SONIA EPSTEIN MAUTHNER : 
                                      : 
                 **Plaintiff,** : 
                                        : 
             **-against-** : 
                                        :       **05 Civ. 2483 (HB)**

MAMMA.COM INC., GUY FAURE, DAVID GOLDMAN and : 
DANIEL BERTRAND, : 
                                       : 
                     **Defendant.** : 

-------------------------------------------------------------------------------x

SONIA EPSTEIN MAUTHNER, *Individually, and on behalf* : 
*of All Others Similarly Situated,* : 
                                      : 
                 **Plaintiff,** : 
                                        : 
             against- :       **05 Civ. 2534 (HB)**

MAMMA.COM INC., GUY FAURE, DAVID GOLDMAN and : 
DANIEL BERTRAND, : 
                                       : 
                     **Defendant.** : 

-------------------------------------------------------------------------------x

[Caption continued on the following page.]

```
---------------------------------------------------------------x
```
**ALLAN J. PORRECA,** *Individually, and on behalf of All*     :
*Others Similarly Situated,* **CHARLES CONTES,** *Individually,* :
*and on behalf of All Others Similarly Situated,* **and**       :
**SONIA EPSTEIN MAUTHNER,** *Individually, and on behalf of*   :
*All Others Similarly Situated,*                               :
                                                               :
                        **Plaintiff,**                         :
                                                               :
              -against-                                        :          **05 Civ. 2625 (HB)**
                                                               :
**MAMMA.COM INC., GUY FAURE, DAVID GOLDMAN and**               :
**DANIEL BERTRAND,**                                           :
                                                               :
                        **Defendant.**                         :
```
---------------------------------------------------------------x
```
**GARY SCANGA,** *Individually, and on behalf of All Others*   :
*Similarly Situated,* **and SONIA EPSTEIN MAUTHNER,**          :
*Individually, and on behalf of All Others Similarly Situated,* :
                                                               :
                        **Plaintiff,**                         :
                                                               :
              -against-                                        :          **05 Civ. 2719 (HB)**
                                                               :
**MAMMA.COM INC., GUY FAURE, DAVID GOLDMAN and**               :
**DANIEL BERTRAND,**                                           :
                                                               :
                        **Defendant.**                         :
```
---------------------------------------------------------------x
```
**DANIEL MCDOUGAL,** *Individually, and on behalf of All*      :
*Others Similarly Situated* **and SONIA EPSTEIN MAUTHNER,**    :
*Individually, and on behalf of All Others Similarly Situated,* :
                                                               :
                        **Plaintiff,**                         :
                                                               :
              -against-                                        :          **05 Civ. 3444 (HB)**
                                                               :
**MAMMA.COM INC., GUY FAURE, DAVID GOLDMAN and**               :
**DANIEL BERTRAND,**                                           :
                                                               :
                        **Defendant.**                         :
```
---------------------------------------------------------------x
```
**Hon. HAROLD BAER, JR., DISTRICT JUDGE:**

      WHEREAS, following briefing and oral argument in Chambers on May 19, 2005; and

      WHEREAS, Rule 42(a) of the Federal Rules of Civil Procedure permits a court to order

all actions consolidated if they involve "common issues of law or fact," Fed. R. Civ. P. 42(a); and,

WHEREAS, consolidation is especially appropriate in securities class actions where the complaints are "based on the same public statements and reports and defendants will not be prejudiced," Ferrari v. Impath, Inc., No. 03 Civ. 5667, 2004 WL 1637053, at *2 (S.D.N.Y. Jul. 20, 2004) (citations and quotations omitted); and,

WHEREAS, all the parties to this securities class action consented to its consolidation; and,

WHEREAS, Section 21D of the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that in securities class actions, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i); and,

WHEREAS, in accordance with the PSLRA, the "most adequate plaintiff" is the movant who "filed the complaint or made a motion in response," "has the largest financial interest in the relief sought by the class," and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iiii)(I); and,

WHEREAS, courts in this district have assessed a movant's "financial interest" through an examination of several factors including but not limited to: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc., No. 03 Civ. 8264, 2004 WL 1179311, at *7 (S.D.N.Y. May 27, 2004) (quoting Lax v. First Merchants Acceptance Corp., 1997 WL 461036, at *5 (N.D.Ill. Aug. 11, 1997)); Ferrari, 2004 WL 1637053, at *4; and,

WHEREAS, the Do Group, the Lin Group, the Mamma.com-Lead-Plaintiff-Group, the Wearn Group, and the Witkowski Group each moved for appointment as lead plaintiff; and

WHEREAS, the Do Group estimated their total loss at $186,102.90; and,

WHEREAS, the Lin Group estimated their total loss at $153,219.98; and,

WHEREAS, the Mamma.com-Lead-Plaintiff-Group estimated their total loss at $221,846.00; and,

WHEREAS, the Wearn Group estimated their total loss at $54,987; and,

WHEREAS, the Witkowski Group estimated their total loss at $310,219.87; and,

WHEREAS, after the filing of the initial motions, the members of the Witkowski Group and the Mamma.com-Lead-Plaintiff-Group agreed, given their respective large financial stake in the litigation, to join and create the "Witkowski-Mamma.com Group" and estimated their total loss at $339,622.95; and,

WHEREAS, despite arguments to the contrary, two independent lead plaintiff movants may join together to help ensure that "adequate resources and experience are available to the prospective class in the prosecution of this action" and because "[e]mploying a co-lead plaintiff structure here will also provide the proposed class with the substantial benefits of joint decision-making," Pirelli, 2004 WL 1179311, at *22 (citing to In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 45 (S.D.N.Y. 1998); and,

WHEREAS, the Witkowski-Mamma.com Group has the largest financial interest in the litigation; and,

WHEREAS, certain lead plaintiff groups opposed the Witkowski-Mamma.com Group motion to be appointed lead plaintiff because the group included "in and out purchasers" whom, according to these opposition groups, defendants could potentially argue that some of whom sold their shares before the class period ended and, therefore, must fail in any effort to establish loss causation (see Mem. Supp. of Lin at 3); and,

WHEREAS, "in and out purchasers" are those individuals or entities that purchase and sell shares within the class period and, thus, obfuscate loss calculations, see In re Star Gas Sec. Litig., No. 04 Civ. 1766, 2005 WL 818617, at *5 (D.Conn. Apr. 8, 2005);

WHEREAS, in accordance with the PSLRA, 15 U.S.C. § 78u-4 et. seq., and Dura Pharmaceuticals, Inc. v. Broudo, 125 S. Ct. 1627, 1631 (2005), and Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161, 174 (2d Cir. 2005), plaintiffs need only allege "that the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security," and loss causation does not require full disclosure and can be established by partial disclosure during the class period which causes the price of shares to decline; and,

WHEREAS, the Witkowski-Mamma.com Group demonstrated that the lead plaintiff, and

other class members, purchased a substantial portion of their securities before the April 6, 2004 disclosure of the alleged fraud, sold a substantial portion of their shares after the April 6, 2004 disclosure of the alleged fraud and, therefore, can allege that "the subject of the fraudulent statement or omissions was the cause of the actual loss suffered" and, therefore, satisfy the tests articulated by the Supreme Court in <u>Dura</u> and the Second Circuit in <u>Lentell</u>; and,

WHEREAS, six of the nineteen Movants currently before this Court were "in-and-out purchasers," and, at least at this stage, "in and out purchasers" do not appear to be "unique" and, thus, "render such plaintiff incapable of adequately representing the class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb); and,

WHEREAS, the Witkowski-Mamma.com Group present a diverse yet cohesive group of individual investors who reported the largest financial interest and has demonstrated that it is typical and representative of the class; and,

WHEREAS, Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach"), Milberg Weiss Bershad & Schulman LLP ("Milberg"), Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen"), Stull, Stull & Brody ("Stull"), and Zwerling, Schachter & Zwerling, LLP ("Zwerling") each moved for appointment as lead counsel; and,

WHEREAS, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class and, lead plaintiff, Witowski-Mamma.com Group, selected the law firms of Milberg and Cohen, firms which have substantial experience in the prosecution of shareholder and securities class actions; and,

ORDERED that the above-captioned cases are hereby **CONSOLIDATED** for all purposes pursuant to Fed. R. Civ. P. Rule 42(a) and <u>Montoya, et. al., v. Mamma.com, et. al.,</u> 05 Civ. 2313, is **DESIGNATED** the lead case; and it is further

ORDERED, the Witkowski-Mamma.com Group is hereby **DESIGNATED** as Lead Plaintiffs in the consolidated action, pursuant to Section 21(D)(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; and it is further

ORDERED that the law firms of Milberg and Cohen are hereby **DESIGNATED** as Lead Counsel for the Class, pursuant to Section 21(D)(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; and it is further

1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA; and it is further

ORDERED that pursuant to Fed. R. Civ. P. 42(a), the Clerk of the Court is to **REMOVE** Avira, et. al. v. Mamma.com, et. al. 05 Civ. 2483, Epstein, et. al.v. Mamma.com, et. al. 05 Civ. 2534, Porreca, et. al. v. Mamma.com, et. al. 05 Civ. 2625, Scanga, et. al. v. Mamma.com, et. al., 05 Civ. 2719, McDougal, et. al. v. Mamma.com, et. al. 05 Civ. 3444, from my docket as separate cases; and it is further

ORDERED that the parties **APPEAR**, in Chambers, for a pretrial scheduling conference on July 7, 2005 at 1.40 p.m.

**SO ORDERED.**

New York, New York

May 2, 2005

U.S.D.J.